Marty V. Miller (SBN 225049)
LAW OFFICES OF MARTY MILLER
8175 Limonite Avenue, Suite A
Riverside, CA 92509
Telephone: (951) 335-9015
Fax: (951) 335-9016

Attorney for Plaintiff, KIRK LOPEZ

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KIRK LOPEZ,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BLAKE WILLIAMS, KYLE MIKOWSKI, MURRIETA POLICE DEPARTMENT, CITY OF MURRIETA, and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND VIOLATIONS OF FEDERAL CIVIL RIGHTS**<br><br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, KIRK LOPEZ, and alleges as follows:

I.

**PARTIES AND JURISDICTION**

1.      Plaintiff, Kirk Lopez ("Lopez") is a United States citizen who, at all times relevant to this Complaint, was domiciled in California.

-----------------------------------------------------------------1-----------------------------------------------------------------

COMPLAINT

2.     Defendant, City of Murrieta ("City") is a municipal entity duly organized under California law.  The Murrieta Police Department ("MPD") is the chief law enforcement agency for the City.

3.     Defendant, Blake Williams ("Williams"), is an individual domiciled in California, and was, at all times relevant hereto, an officer of the MPD.

4.     Defendant, Kyle Mikowski ("Mikowski"), is an individual domiciled in California, and was, at all times relevant hereto, an officer of the MPD.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

6.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

7.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as Plaintiff asserts causes of action arising under 42 U.S.C. § 1983, in addition to California causes of action that arise from the same controversy giving rise to Plaintiff's 1983 claims.

8.     The Court has personal jurisdiction over all defendants in this action, as Defendants are domiciled in the State of California.

-------------------------------------------------------------------2-------------------------------------------------------------------

COMPLAINT

9.      Pursuant to  28 U.S.C. § 1391, venue is proper in this Division of this District, as the events giving rise to this action occurred in the city of Murrieta, California, in the County of Riverside, which is located within the Eastern division of the Central District of California.

**GENERAL ALLEGATIONS**

10.     In March 2016, Plaintiff resided at 39101 Agua Vista, Unit C, in Murrieta, California.

11.     On March 26, 2016, MPD Officers Williams and Mikowski were dispatched to 39101 Agua Vista, Unit C, in Murrieta, California, regarding noise coming from Unit C.  MPD Officer David Irving was also dispatched to the same location.

12.     Upon arrival at 39101 Agua Vista, Unit C, Officers Williams, Mikowski, and Irving approached the front door of the residence, and Officer Williams knocked on the front door.

13.     Officer Mikowski could hear a voice coming from the inside of Unit C.  Upon hearing a voice muttering unknown statements, Officer Mikowski drew his firearm.

14.     Officer Williams knocked on the front door again.

15.     Shortly thereafter, Plaintiff opened the front door.  Upon opening the front door, Plaintiff saw three MPD officers, armed and in full uniform.

16.     Officer Mikowski then placed his firearm back in his holster.

17.     Officer Williams told Plaintiff to step outside of the residence.

18.     Plaintiff opened the screen door to his residence and asked if he had to step outside. Plaintiff felt embarrassment for having the police at his door, and did not wish for his neighbors to see the police were at his front door.

19.     One of the MPD officers asked Plaintiff if he was on probation or parole.  Plaintiff answered "no."

-------------------------------------------------------------------3-------------------------------------------------------------------

COMPLAINT

20.     Officer Williams again told Plaintiff to step outside of the residence.

21.     Plaintiff asked if he had to step outside, and said that he would rather have the officers come inside.  While saying this, Plaintiff also said that he was just going to turn on the porch light.

22.     Plaintiff was standing inside of his residence at the front door.  To Plaintiff's left was a light switch that was located just beyond the door to the adjoining garage.  Plaintiff reached for the light switch and turned on the porch light.

23.      Because Plaintiff was not doing what Officer Williams told him to do (Plaintiff was not stepping out of the residence), Officers Williams and Mikowski reached into Plaintiff's residence, grabbed Plaintiff by his arms, and pulled Plaintiff out of his residence.

24.     Officers Williams and Mikowski forced Plaintiff down on the ground.  As they forced Plaintiff out of his residence and onto the ground, Officers Williams and Mikowski began assaulting Plaintiff.  Plaintiff was punched in the face and head several times.  Plaintiff was also kneed and kicked several times when he was down on the ground.

25.     When Plaintiff was down on the ground, Officer Williams and/or Officer Mikowski, and/or Irving pulled Plaintiff's arms backwards.

26.     Officer Williams placed Plaintiff in handcuffs.

27.     Later, Plaintiff was transported in handcuffs to MPD in an MPD patrol vehicle.

28.     Eventually, Plaintiff was transported to the Southwest Detention Center, a jail operated by the Riverside County Sheriff's Department.

29.     Plaintiff later paid money to post bail so that he could be released on bail bond.

30.     As a result of being punched, kneed, and kicked, Plaintiff sustained multiple physical injuries, including bruises, swelling, and scratches.

-------------------------------------------------------------------4-------------------------------------------------------------------

COMPLAINT

31.     As a result of having his arms bent backwards, Plaintiff sustained an injury to his shoulder.

32.     An unlawful policy, pattern, and/or custom, perpetrated by the MPD against the general public led to Plaintiff's injuries in this case. This unlawful policy, pattern, and/or custom, involves the unlawful detention, arrest, use of excessive force on, and imprisonment of, individual citizens. These detentions, arrests, uses of excessive force, and cases of imprisonment, are often accompanied by the hiding or manufacturing of evidence, and the pressing of false charges against these individuals in an effort to coerce them into pleading guilty to some crime, effectively precluding these individuals from later seeking redress for violation of their civil rights. Plaintiff will refer to this unlawful policy, pattern, and/or custom as the "Abuse & Accuse Policy."

33.     Consistent with the "Abuse and Accuse" policy, Officers Williams, Mikowski, and Irving, conspired to make false allegations about the incident.  Specifically, Officers Williams, Mikowski, and Irving conspired to claim that Plaintiff resisted them and attempted to tackle Officer Mikowski.  Officers Williams, Mikowski, and Irving all wrote police reports, in which each of them inserted false allegations, claiming that Plaintiff resisted them and attempted to tackle Officer Mikowski.

34.     On September 20, 2016, Plaintiff filed a timely claim for damages with the City pursuant to the applicable sections of the California Government Code § 900, et seq.

35.     The City rejected Plaintiff's claim in a letter dated October 21, 2016.

36.     A criminal case involving Defendants, Williams and Mikowski was pending against Plaintiff Lopez until May 5, 2017, which tolled the statute of limitations.

///

///

COMPLAINT

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 – Excessive Force**

**(By Plaintiff against Defendants Williams, Mikowski, Murrieta Police Department, and the**

**City of Murrieta)**

37.     Plaintiff realleges paragraphs 1 through 36 and incorporates them herein by this reference as though fully set forth.

38.     The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

39.     Clearly established case law holds that it is a violation of the Fourth Amendment for an officer to use unnecessary or excessive force against an individual when making an arrest or detention.  Additionally, when an officer lacks probable cause or reasonable suspicion to seize or detain an individual, the use of any force against that individual is a violation of the individual's Fourth Amendment rights.

40.     Officers Williams and Mikowski violated Plaintiff's Fourth Amendment Rights when they used unreasonable and excessive force against Plaintiff by, inter alia, pulling Plaintiff outside of his residence, forcing Plaintiff down to the ground, punching Plaintiff with fists, kneeing and kicking Plaintiff, and bending Plaintiff's arms backwards.

41.     In addition, because no probable cause or reasonable suspicion to detain Plaintiff existed, any use of force against him was a violation of Plaintiff's Fourth Amendment rights.

42.     The foregoing uses of force were objectively unreasonable given the absence of any true fact that would give rise to the reasonable suspicion or probable cause that Officers Williams and Mikowski needed to detain or arrest plaintiff when they did.

-------------------------------------------------------------6-------------------------------------------------------------

COMPLAINT

43.     In committing these acts, Officers Williams and Mikowski acted in the course and scope of their employment and under color of state law.

44.     As a direct and foreseeable result of Officer Williams' and Officer Mikowski's unreasonable and excessive use of force, Plaintiff's clearly established rights under the Fourth Amendment were violated, and plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, here and post-traumatic stress, human relation, and further damages according to proof at the time of trial.

45.     Officer Williams' and Officer Mikowski's unreasonable and excessive use of force was oppressive and in reckless disregard of plaintiff's rights. As such, Officer Williams' and Officer Mikowski's actions justify an award of punitive damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Unlawful Seizure, Detention, and Arrest
### (By Plaintiff against Defendants Williams, Mikowski, Murrieta Police Department, and the City of Murrieta)

46.     Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

47.     Officer Williams and Officer Mikowski effected Plaintiff's unlawful seizure, detention and arrest when they pulled Plaintiff outside of his residence, handcuffed him, took him to the Murrieta Police Department, and then transferred him to the custody of the Riverside County Sheriff's Department.

///

///

48.     Plaintiff's seizure, detention, and arrest was objectively unreasonable given the absence of any true fact that would give rise to the reasonable suspicion or probable cause that Officer Williams and Officer Mikowski needed to seize, detain, or arrest plaintiff when they did.

49.     In committing these acts, Officer Williams and Officer Mikowski acted in the course and scope of their employment and under color of state law.

50.     As a direct and foreseeable result of Officer Williams' and Officer Mikowski's unlawful seizure, detention, and arrest of Plaintiff, Plaintiff's clearly established rights under the Fourth Amendment were violated, and Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, post-traumatic stress, humiliation, lost wages, and further damages according to proof at the time of trial.

51.     Officer Williams' and Officer Mikowski's unlawful seizure, detention, and arrest of Plaintiff was oppressive and in reckless disregard of plaintiff's rights. As such, Officer Williams' and Officer Mikowski's actions justify an award of punitive damages in an amount to be determined at the time of trial.

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 – <u>Monell</u> – Unlawful Policy, Pattern, Custom**

**(By Plaintiff against Murrieta Police Department and City of Murrieta)**

52.     Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

53.      In perpetrating the foregoing constitutional violations against Plaintiff, the individual defendants named herein acted pursuant to a policy, practice, and/or custom, of the City, and in particular, of the MPD - namely, the "Abuse and Accuse" policy.

///

-------------------------------------------------------------8-------------------------------------------------------------

COMPLAINT

54.     The physical abuse and meritless arrest of plaintiff and other citizens is consistent with the Abuse & Accuse policy, which was and is promulgated, and/or tolerated by the City, the MPD, and all others with supervisory and/or final policymaking authority.

55.     The Abuse & Accuse policy was the moving force behind the MPD officer defendants' violation of plaintiff's rights on March 26, 2016.

56.     Accordingly, the City is liable for the deprivation of Plaintiff's constitutional rights under *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, and its progeny, which hold that a municipal entity may be held liable for violations of constitutional rights committed by its law enforcement officers if the violations arose from a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" within the force of law.

57.      As a direct and legal result of the Abuse & Accuse policy, Plaintiffs' clearly established rights under the Fourth Amendment were violated, and Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, lost wages, and further damages according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – <u>Monell</u> – Failure to Train
### (By Plaintiff against Murrieta Police Department and City of Murrieta)

58.     Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

59.     The MPD's training policies were not adequate to train its officers and/or employees to handle the usual and recurring situations in which they must deal.

----------------------------------------------------------------------9-----------------------------------------------------------------------

COMPLAINT

60.     The City and the MPD were deliberately indifferent to the obvious consequences of their failure to adequately train MPD officers and/or employees.

61.     The failure of the City and of the MPD to adequately train MPD officers and/or employees caused the deprivation of Plaintiff's rights by the individual defendants named herein. That is, this failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused Plaintiff's ultimate injuries.

62.     As a direct and legal result of the City's and the MPD's failure to train their officers and/or employees, Plaintiffs' clearly established rights under the Fourth Amendment were violated, and Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, lost wages, and further damages according to proof at the time of trial.


**FIFTH CAUSE OF ACTION**

**Assault**

**(By Plaintiff against Defendants Williams, Mikowski, Murrieta Police Department, and the City of Murrieta)**

63.     Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

64.     Defendants Williams and Mikowski intended to cause harmful or offensive contact with Plaintiff.

65.     Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner by Defendants Williams Mikowski.

66.     It reasonably appeared to Plaintiff that Defendants Williams and Mikoswki were about to carry out the threat of harmful or offensive touching.

COMPLAINT

67.     Plaintiff did not consent to the harmful or offensive touching.

68.     Defendants Williams and Mikowski grabbed Plaintiff by his arms, pulled Plaintiff out of his residence, and forced Plaintiff down on the ground.  As they forced Plaintiff onto the ground, Officers Williams and Mikowski punched Plaintiff in the face and head several times. Plaintiff was also kneed and kicked several times when he was down on the ground.  When Plaintiff was down on the ground, Officer Williams and/or Officer Mikowski, and/or Irving pulled Plaintiff's arms backwards.

69.     As a result of Defendant Williams and Mikowski's conduct, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, lost wages, and further damages according to proof at the time of trial.  .

70.     Defendant Williams and Mikowski's conduct was a substantial factor is causing Plaintiff's injuries.

71.     Officer Williams' and Officer Mikowski's conduct was oppressive and in reckless disregard of plaintiff's rights. As such, Officer Williams' and Officer Mikowski's actions justify an award of punitive damages in an amount to be determined at the time of trial.

## SIXTH CAUSE OF ACTION

### Battery

**(By Plaintiff against Defendants Williams, Mikowski, Murrieta Police Department, and the City of Murrieta)**

72.     Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

///

COMPLAINT

73.    Defendants Williams and Mikowski grabbed Plaintiff by his arms, pulled Plaintiff out of his residence, and forced Plaintiff down on the ground.  As they forced Plaintiff onto the ground, Officers Williams and Mikowski punched Plaintiff in the face and head several times.  Plaintiff was also kneed and kicked several times when he was down on the ground.  When Plaintiff was down on the ground, Officer Williams and/or Officer Mikowski, and/or Irving pulled Plaintiff's arms backwards.

74.    Defendants Williams and Mikowski intended to harm or offend Plaintiff.

75.    Plaintiff did not consent to being grabbed, thrown to the ground, and beaten.  Nor did Plaintiff consent to having his arms pulled behind his back.

76.    As a result of Defendant Williams and Mikowski's conduct, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, lost wages, and further damages according to proof at the time of trial.

77.    A reasonable person in Plaintiff's situation would have been offended by being grabbed, thrown to the ground, and beaten.

78.    Officer Williams' and Officer Mikowski's conduct was oppressive and in reckless disregard of plaintiff's rights. As such, Officer Williams' and Officer Mikowski's actions justify an award of punitive damages in an amount to be determined at the time of trial.

///
///
///
///
///
///
///

COMPLAINT

## SEVENTH CAUSE OF ACTION

### Negligence

### (By Plaintiff against Defendants Williams, Mikowski, Murrieta Police Department, and the City of Murrieta)

79. Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

80. Defendants Williams, Mikowski, MPD, and the City of Murrieta owed Plaintiff a duty of care to, among other things, use reasonable care in the performance of law enforcement activities.

81. Defendants Williams, Mikowski, MPD, and the City of Murrieta owed Plaintiff a duty of care to, among other things, refrain from negligent conduct which would result in plaintiff being assaulted, beaten, and injured.

82. Defendants Murrieta Police Department and the City of Murrieta owed Plaintiff a duty of care to, among other things, protect Plaintiff, and prevent Plaintiff from being assaulted, beaten, and injured.

83. Defendants Williams, Mikowski, MPD, and the City of Murrieta breached their duties of care to Plaintiff by failing to use reasonable care in the performance of law enforcement activities.

84. Defendants Williams, Mikowski, MPD, and the City of Murrieta breached their duties of care to Plaintiff by engaging in negligent conduct which would result in plaintiff being assaulted, beaten, and injured.

85. Defendants Murrieta Police Department and the City of Murrieta breached their duties of care to Plaintiff by failing to protect Plaintiff, and prevent Plaintiff from being assaulted, beaten, and injured.

86.     As a proximate result of  Defendants Williams, Mikowski, MPD, and the City of Murrieta's conduct, Plaintiff has been harmed in the Plaintiff has suffered physical injuries, has incurred out of pocket monetary expenses, suffered emotional distress, and loss of wages. Defendants' conduct was a substantial factor in the above harm suffered by Plaintiff.

87.     Defendants Williams, Mikowski, and MPD, acted with conscious disregard for the rights and safety of the Plaintiff, causing Plaintiff to suffer significant financial loss and emotional distress, justifying an award of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

### Negligence

**(By Plaintiff against Defendants Murrieta Police Department and City of Murrieta)**

88.     Plaintiff realleges paragraphs 1 through 36, and incorporates them herein by this reference as though fully set forth.

89.     Defendants Williams and Mikowski, and MPD Officer David Irving were unfit and/or incompetent for the work for which they were hired, namely providing police services while adhering to constitutional principles of law.

90.     Defendants MPD and the City of Murrieta knew or should have known that its subordinates were unfit and/or incompetent and that this unfitness and/or incompetence created a particular risk to the general public.

91.     Defendants MPD and the City of Murrieta subordinates' unfitness and/or incompetence caused plaintiff's harm in that, had MPD and the City of Murrieta's subordinates in fit and competent to perform the work, MPD and the City of Murrieta's subordinates not have assaulted, beaten, and injured Plaintiff.

-------------------------------------------------------------------14-------------------------------------------------------------------

COMPLAINT

92.     As a direct in foreseeable result of Defendants MPD and the City of Murrieta negligent hiring, supervision, and retention of these subordinates, plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, lost wages, and further damages according to prevent the time of trial.

93.     Defendants MPD and the City of Murrieta's negligent hiring, supervision, and retention of these subordinates was a substantial factor in causing Plaintiff's injuries.

94.     As a direct and foreseeable result of Defendants MPD and the City of Murrieta's negligent hiring, supervision, and retention of these subordinates, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, and extreme emotional distress, fear and post-traumatic stress, humiliation, lost wages, and further damages according to prove at the time of trial.

WHEREFORE, plaintiff prays judgment against defendants as follows:

1.     For compensatory damages according to proof;

2.     For general damages according to proof;

3.     For interest as allowed by law;

5.     For reasonable attorney's fees;

6.     For costs of suit incurred by plaintiff;

7.     For such other and further relief as the court deems proper; and

8.     For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct.

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury in this case.

3

4                                                  LAW OFFICE OF MARTY MILLER

5

6                             By:     s/Marty V. Miller

7                                     MARTY MILLER,
                                      Attorney for Plaintiff,
8                                     KIRK LOPEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-------------------------------------------------------------------16-------------------------------------------------------------------